UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN K. TOOLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROSEVILLE POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-2162-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a former county inmate, proceeds without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application will be granted. The court must now screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

**I.　Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    Screening Order**

Plaintiff's complaint (ECF No. 1) alleges that Officer Ball of the Roseville Police Department stopped plaintiff on his way to the store. *Id.* at 1. Plaintiff identified himself and informed Ball that he was not on parole or probation. Plaintiff claims that Ball "committed actions of unprovoked, unwarranted, and extreme violence" against him, resulting in a broken nose and broken rib. *Id.* According to plaintiff, Ball "choked, punched, [and] hit [plaintiff] with [a] baton." *Id.* He asserts (1) an excessive force claim against defendant Ball; (2) a "supervisory liability" claim against Does 1-10 and the Roseville Police Department; and (3) a Bane Act claim

(California Civil Code section 52.1) against Does 11-20.  Plaintiff seeks damages for his injuries. As explained below, none of plaintiff's claims can survive screening.

In order to state a claim for the use of excessive force by a pretrial detainee, a plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015).  Here, plaintiff has not alleged enough facts to allow the court to determine whether the alleged use of force was objectively unreasonable.  Plaintiff's alleged injuries, while serious, are not enough to state a claim of excessive force.  *See id.* at 2473 (identifying the following considerations that may bear on the reasonableness or unreasonableness of the force used: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; and (5) the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.).  Although plaintiff alleges that the use of force was "unprovoked" and "unwarranted," he does not describe what actually happened after he was stopped on his way to the store.  It is unclear what facts occurred that led to that application of force, what specific force was actually applied and the manner in which it was used, and why plaintiff concludes that Officer Ball lacked any legitimate reason to use force at any point during their encounter.  This claim is therefore dismissed with leave to amend.

In the absence of an underlying excessive force claim, plaintiff's claim against the Roseville Police Department necessarily fails.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal entity or its departments is liable under section 1983 only if plaintiff shows that a constitutional injury was caused by employees acting pursuant to the municipality's policy or custom).

Plaintiff's Bane Act claim must also be dismissed for failure to allege compliance with the California Torts Claims Act ("Act").  The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  When a plaintiff asserts a claim subject to the Act,

he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).

As for plaintiff's inclusion of "Doe" defendants, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. Further, the Federal Rules of Civil Procedure, not state court Doe pleading practice govern the method by which plaintiff may amend his complaint to add new parties. If plaintiff later learns the identities of any "Doe" parties he wishes to serve, he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197 98 (9th Cir. 2003).

**III.     Leave to Amend**

Plaintiff will be granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any such complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. The amended complaint shall clearly set forth the claims and allegations against each defendant and must cure the deficiencies identified above. It shall also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

/////

4

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV. Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 5 & 7) is granted.
2. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 14, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE